### BLENDERMANN v. MANN-WRAY.

(Supreme Court, Appellate Term.  April 8, 1909.)

1. HUSBAND AND WIFE (§ 235*)—LIABILITY OF WIFE—QUESTION FOR JURY.

> In an action against a married woman for groceries supplied, where it appears that plaintiff had furnished goods to defendant when she was married to a man other than her present husband, and also while she was a widow, but the goods on the account in suit were furnished after her marriage to her present husband, whether the goods were furnished defendant on her own credit, or as agent for her husband, is for the jury.
>
> [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 850; Dec. Dig. § 235.*]

2. HUSBAND AND WIFE (§ 23¾*)—LIABILITY OF WIFE—EVIDENCE.

> In an action against a married woman for groceries, a pass book in defendant's possession is admissible to show to whom credit was given, and whether defendant was acting for herself, or as agent for her husband.
>
> [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 23¾.*]

Appeal from City Court of New York, Trial Term.

Action by Diedrich Blendermann against Emma Mann-Wray.  From a judgment on a verdict directed by the court dismissing the complaint, and from an order denying a motion to set aside the verdict and for a new trial, plaintiff appeals.  Reversed.

See, also, 111 N. Y. Supp. 827.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Charles La Rue, for appellant.

Stephen Callaghan, for respondent.

PER CURIAM.  This is an action brought by a grocer upon an account stated for goods, which he claims were sold to the defendant. It appears that the plaintiff had furnished goods to the defendant when she was married to a man other than her present husband, and also when she was a widow, after his death; but all the goods on the alleged account stated were furnished after her remarriage to her present husband, and presumably for use in their joint household.  Under these circumstances, it is a question of fact for the jury to decide whether these goods were furnished to this defendant, upon her own credit, and whether while acting for herself, and not as agent for her husband, under all the circumstances of the case, including the sending of accounts to this defendant, there was an account stated with this defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The court below also, incorrectly, excluded the pass book, after the plaintiff had shown that it was in defendant's possession until after April 5, 1907, because this evidence was material upon the question of whom he was giving credit to, and also upon the question whether, as a matter of fact, this defendant was acting for herself, or as agent for her husband. The other exclusion appears to be correct.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.